## DONAHO ET AL. v. SMITH.

1. **Res Adjudicata: DOWER: ESTOPPEL.** A proceeding by a widow for dower in certain lands, to which her husband held the legal title, is not an adjudication of her rights in other lands in which her husband had an equitable interest, nor is she estopped thereby from claiming an interest in such lands.

2. **Conveyance: MISTAKE: ADMINISTRATOR.** To authorize that a conveyance by an administrator be set aside, on the ground of mistake, it is not sufficient to establish that the grantee knew the grantor had a personal interest in the land conveyed, but it must also be made to appear that he did not intend to convey in his personal as well as representative capacity.

*Appeal from Montgomery Circuit Court.*

THURSDAY, DECEMBER 12.

THE plaintiffs are the widow and heirs of Thomas Donaho, deceased. It is claimed in the petition that said Thomas Donaho and his brother, Allen S. Donaho, purchased certain lands of one Stype; that each of said brothers paid one-half of the purchase money, and that, for convenience, the title deed was taken in the name of Allen S. Donaho only; that about December, 1857, and August, 1860, said Allen S. Donaho, with the knowledge and consent of his brother Thomas, sold and conveyed two parcels of said land to the defendant, and that said sales were made for the benefit of said Allen S. and from his undivided half of said lands; that Allen S. Donaho died in the year 1860, but that before his death the

Donaho v. Smith.

two brothers made a division of said lands; that Thomas took that part lying west of the Nodaway river, and Allen S. that part lying east of said stream, but no deeds of conveyance were made; that Thomas Donaho was appointed and qualified as administrator of the estate of his brother, Allen S., and on the 10th day of April, 1868, in pursuance of an order, upon proper application, sold and conveyed to defendant all of said land; that said sale and deed were not intended to include all of said land, but only that part lying east of the Nodaway river, and that the part lying west of said stream in truth and fact belonged to said Thomas, and not to the estate of said Allen S.; that such was the understanding between said Thomas and the defendant when the deed was made and delivered; that Thomas Donaho died intestate in 1868, and in 1870 one Cooper, administrator *de bonis non* of the estate of said Allen S. Donaho, made a second deed of said lands, which was intended only to convey the land actually owned by Allen S. Donaho; that in 1865 the heirs of Allen S. Donaho made a conveyance of the said land west of the Nodaway river to said Thomas Donaho.

The prayer of the petition is that the land lying west of the Nodaway river be decreed to plaintiffs, and that said administrator's deeds be held to cover only that part of the lands lying east of said river.

The answer denies that Allen S. and Thomas Donaho were equal owners of said land, and avers that the former was the sole owner thereof. Denies that the two brothers made any division of said lands. Avers that at the time of the sale of the lands by Thomas Donaho, as administrator, he represented to the defendant that the lands belonged to the estate of his brother, and that he had no interest therein, but agreed to and did sell the whole thereof to defendant, and gave him possession thereof, and defendant has held the same ever since. By an amendment to the answer the defendant set out the proceedings in the Probate Court for the sale of said land, showing that the petition, order of sale, etc., included the

land in controversy, and pleading said record and deed as an estoppel against Thomas Donaho and his heirs.

To this amendment the plaintiff replied by averring that a mistake occurred in said deeds, and that they were only intended to convey the land lying east of the Nodaway river.

The defendant filed a second amendment to his answer, in which he averred that in December, 1874, Electa E. Donaho, widow of Thomas Donaho, commenced an action against the heirs of said Donaho for the purpose of having her dower interest in all the real estate her husband died seized of set apart to her by said court; that in said suit she did not include and claim dower in the land in controversy in this action; that her dower was, by decree, set off to her without including the land in controversy, and that by reason thereof she is estopped from asserting any claim against the defendant.

To this amendment there was a demurrer, which was sustained, and the defendant excepted. Upon these issues the cause was tried before a referee, who reported in favor of a decree for the plaintiffs. Exceptions to the report were overruled, and a decree was entered as recommended in the report of the referee. Defendant appeals.

*Hewitt & Richards*, for appellant.

*C. D. Gray* and *W. M. Wright*, for appellees.

Rothrock, Ch. J.—I. We think the demurrer to the second amendment to the answer was properly sustained. The facts

1. res adjudi-cata: dower: estoppel.

therein set forth are pleaded as an adjudication of the rights of Electa E. Donaho in the land in controversy. That said record is an adjudication in favor of this defendant cannot be claimed, because he was not a party nor was he privy thereto. The widow may well have instituted her proceeding for dower in the lands to which her husband had the legal title, without in any manner prejudicing her equitable rights in lands held by other persons. The

most that can be claimed for the facts pleaded in the second amended answer is that they are acts of the widow tending to show that the claim now made that her husband was .the equitable owner of the land in controversy is not true, and are evidence against her to be considered in connection with the other evidence in the case.

II. For the sake of brevity we will give the substance only of the material facts found by the referee upon which he recommended a decree for the plaintiffs. It ap-

2. CONVEY-
ANCE: mis-
take: admin-
istrator.

pears therefrom that in 1854 Thomas Donaho purchased of one Stypes one hundred and twenty acres of land, and paid the purchase price, but directed that the conveyance be made to his brother, Allen S. Donaho. The evidence does not show who owned the purchase money of the land, but the two brothers were equally interested in the purchase. The Donaho brothers divided the lands so that Allen S. was to own in severalty that part lying east of the Nodaway river, and Thomas was to own in severalty that part lying west of said stream. The land in controversy is sixteen and seven one-hundredths acres lying west of.the river. Thomas Donaho took actual possession of this land in 1856, and held such possession up to the making of the administrator's deed in May, 1868. Allen S. Donaho never made any conveyance of the land in controversy to his brother Thomas. Allen S. died in 1860. In February, 1868, Thomas Donaho was appointed administrator of the estate of his brother Allen. On the same day of his appointment he filed an application in the county court for the sale of the real estate belonging to said estate, including the land in controversy in his petition.

The order of appraisement, and the report of the appraisers, includes the forty acres of which the land in controversy is part, by the government description, with the words "not heretofore sold," and "the unsold part of." (It is proper to say here that while both brothers were living two small parcels were sold and conveyed to defendant). The land was ordered to be sold, and was sold to the defendant.

The deed made by Thomas Donaho, as administrator, included the land in controversy, and was duly approved by the county court. The defendant knew at the time he purchased the lands and received the administrator's deed that Thomas Donaho claimed some interest personally in the land in controversy in this action. The land is used principally as a wood and timber lot, and it was so used by Thomas Donaho and his representatives, and by the defendant, from the date of the administrator's sale until about January 1, 1874; but the evidence does not show that either party had knowledge that the other party was so using said land to any extent. Thomas Donaho died in November, 1868, and about January, 1874, the defendant ordered one of the plaintiffs off of said land, and since that time the defendant has been in exclusive possession.

To entitle the plaintiffs to a decree as prayed they must establish two propositions: *First*, that Allen S. Donaho held the legal title to the land in trust for his brother, Thomas Donaho; and, *second*, that when Thomas Donaho filed his petition for the sale of the land belonging to his brother's estate, and made the conveyance to the defendant, he included the land in controversy by mistake.

Conceding that the referee was justified from the proven facts in finding that the land was held in trust, but which point we do not determine, there is an entire absence of any evidence justifying the conclusion that there was a mistake in the proceedings in the county court, and in the deed.

True it is found that the defendant had notice that Thomas Donaho "claimed some interest personally" in the land, but this is not sufficient. In the absence of any showing to the contrary we must presume that he intended to do just what he did. If he intended to convey his own land, and did convey it to the defendant, and both parties so understood it, he and his representatives are forever estopped from setting up title against the defendant.

The principles upon which this rule rests are so plain and

fundamental as to need neither discussion nor the citation of authority for their support.

The cause was tried as a law action in the court below, and upon errors assigned in this court. The decree will be reversed, and cause remanded for a new trial.

REVERSED.